1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  LLOYD F. LEROY, ESQ., S.B. #203502
   BRAYTON❖PURCELL LLP, LLP
3  Attorneys at Law
   222 Rush Landing Road
4  Novato, California 94948
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiff

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  WILLIAM MATTHIS, JR.,                    )    No. 3:07-cv-02866-SC
                                             )
12              Plaintiff,                   )    **NOTICE OF MOTION AND MOTION**
                                             )    **TO REMAND CASE TO CALIFORNIA**
13  vs.                                      )    **SUPERIOR COURT AND FOR**
                                             )    **PAYMENT OF FEES AND COSTS;**
14  ASBESTOS DEFENDANTS (B❖P),               )    **MEMORANDUM OF POINTS AND**
                                             )    **AUTHORITIES**
15              Defendants.                  )
                                             )
16  _____ )
                                                  **Date:** August 10, 2007
17                                                **Time:** 10:00 a.m.

18

19

20  TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

21      Notice is hereby given that on Friday, August 10, 2007 at 10:00 a.m., or as soon

22  thereafter as this matter may be heard, in Courtroom 1 of the above-entitled court, located at

23

24  450 Golden Gate Avenue, San Francisco, California, plaintiff will move the court for an Order

25  remanding this case to the Superior Court of California in and for the City and County of San

26  Francisco, and awarding costs and fees incurred in the making of this motion. This motion is

27  based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of

28

K:\Atty\LFL\Matths Motion for Remand.wpd                     1
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES - C07-2866-SC

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  Lloyd F. LeRoy, the allegations in plaintiff's complaint, the defendant's Notice of Removal, and

2  such argument as may be made at the hearing.

3

4      Plaintiff seeks remand on the ground that defendant has neither alleged nor provided

5  evidence to support a legitimate basis for removal under 28 U.S.C. § 1442(a). Under 28 U.S.C.

6  §1447(c), plaintiff requests payment of the costs and fees incurred in the making of this motion,

7  because the lack of a basis for removal was apparent on the face of the Notice of Removal.

8

9  Dated: June 28, 2007                    BRAYTON❖PURCELL LLP

10

11                                    /s/ Lloyd F. LeRoy
                                   By: _____
12                                      Lloyd F. LeRoy
                                       Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

PAGE

3

4

I.   INTRODUCTION AND STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

5

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

6

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

7

8

    A.   BAE SYSTEMS HAS NOT ALLEGED A BASIS FOR REMOVAL
        UNDER THE FEDERAL OFFICER REMOVAL STATUTE . . . . . . . . . . . . .  4

9

10

        1.   BAE'S Allegations Do Not Establish that It Acted Under
             Direction of a Federal Officer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

11

12

        2.   BAE Has Neither Alleged Nor Proven a Causal Nexus Between
             Plaintiff's Asbestos Injuries and Actions It Performed "Under

13

             Color of Federal Office." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

14

        3.   BAE Has Not Raised a Colorable Federal Defense. . . . . . . . . . . . . . .  10

15

        4.   BAE's Request to Submit Additional Evidence Must be Denied . . . .  11

16

17

    B.   PLAINTIFFS ARE ENTITLED TO AN AWARD OF COSTS AND

18

        ATTORNEYS' FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

19

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASES                                                                                    PAGE

*Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998) . . . . . . . . . . .  6, 10

*Arnold v. Blue Cross & Blue Shield*, 973 F.Supp. 726 (S.D. Texas 1997)  . . . . . . . . . . . . .  4, 5,7

*Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 968 (D. Az. 1992) . . . . . . . . . . . . . .  9, 10, 11

*Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir. 1969) . . . . . . . . . . . . . .  11

*Boyle v. United Technologies*, 487 U.S. 500 (1988) . . . . . . . . . . . . . .  . . . . . . . . . . . . . . .  10

*Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . .  10

*Dorse v. Eagle-Picher Indus., Inc.*, 898 F.2d 1487 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . .  11

*Freiberg v. Swinerton & Walberg Property Services, Inc.*,
245 F.Supp.2d 1144 (D. Colo. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 10

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125 (E.D. Pa 1996) . . . . . .  5, 8, 9, 10

*Hofler v. Aetna US Healthcare*, 296 F.3d 764 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . .  3, 12

*In Re: Joint E. & S. Dist. N. Y. Asbestos Litig.*, 897 F.2d 626 (2d Cir. 1990) . . . . . . . . . . . .  11

*In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1991) . . . . . . . . . . . . . . . .  10, 11

*Krangel v. Crown*, 791 F.Supp. 1436 (S.D. Cal. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*London v. Standard Oil Co.*, 417 F.2d 820 (9th Cir. 1969) . . . . . .  . . . . . . . . . . . . . . . . . . . . .  4

*Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089 (9th Cir. 2003) . . . . . . . . . .  3

*Mesa v. California*, 489 U.S. 121 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 7

*Noble v. Employers Ins.*, 555 F.2d 1257 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Pack v. ACandS, Inc.*, 838 F.Supp. 1099 (D.Md. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Ryan v. Dow Chem. Co.*, 781 F.Supp. 934 (E.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . .  5, 10

1 | *Thomas v. Burlington Industries, Inc.*, 763 F. Supp. 1570 (S.D. Fla 1991) . . . . . . . . . . . 4, 11

2 | *United Computer Systems v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002) . . . . . . . . . . . . . . . . 3

3

4 | *Wenger v. Western Reserve Life Assurance Company*,
570 F.Supp. 8 (M.D. Tenn 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

5

6 | *Wright v. Sterling Investors Life Ins. Co.*, 747 F.Supp. 653 (N.D. Ala. 1990) . . . . . . . . . . 4, 11

7 | <u>STATUTES</u>

8 | 28 U.S.C. §1442 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 6, 10

9 | 28 U.S.C. §1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Atty\LFL\Matthis Motion for Remand.wpd                                    iii

NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES- C07-2866-SC

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

I.

3

4

INTRODUCTION AND STATEMENT OF ISSUES

5        This is an action for personal injuries arising out of plaintiff William Matthis' exposure

6    to asbestos.

7        In his capacity as an insulator, plaintiff performed work at many job sites. Among

8
those was a facility in San Diego named Southwest Marine, Inc.. He recalls working there on
9

10   one U.S Navy vessel, whose name he cannot recall, during the period 1979 - 1985. He recalls

11   installing pipe insulation and working around other individuals who were working on boilers,

12   pipes, valves and insulation. Some of those individuals were employees of Southwest Marine.
13
The removing defendant, BAE Systems San Diego Ship Repair Inc., is the successor to
14

15   Southwest Marine Inc. Both entities will be referred to hereafter as "BAE."

16       BAE removed this case on one stated ground: 28 U.S.C. §1442(a)(1), commonly known

17   as the federal officer removal statute, which permits removal by "any officer of the United
18
States or any agency thereof, or person acting under him for any act under color of such office."
19

20   This motion raises one issue: whether BAE has even alleged facts sufficient to support removal

21   under that statute.

22       Under settled law, a basis for removal exists only if BAE was given specific instructions
23
by an officer of the United States Government to use asbestos-containing products in the ship
24

25   plaintiff worked on, and if that federal officer prohibited BAE from warning plaintiff that

26   asbestos was in use and of the dangers of that use. BAE's removal petition carefully stops short

27   of making that claim. Instead, it makes generalized, conclusory allegations that "[s]ince BAE
28

1  performed work on a military vessel on which plaintiff worked, and such work was responsible
2  for his injuries, said work was performed pursuant to contracts and specifications executed by
3
4  an officer of the United States;" that "[o]n the Navy vessels, BAE's work was performed
5  pursuant to mandatory comprehensive and detailed specifications, plans and/or other drawings
6  that were created approved, and accepted by the United States Military and/or the United States
7  Navy," and that "BAE has asserted a federal defense to this action: immunity from liability for
8
9  injuries arising from any exposure to asbestos on the vessel, worked on by BAE and upon
10  which plaintiff worked."Notice of Removal, ¶¶ 6, 7, 9. Significantly, BAE's removal contained
11  no evidence to support these conclusory statements. In light of the standards set out by this
12  Court in addressing previous removals of the same nature, these conclusory allegations are not
13
14  sufficient to invoke the federal officer removal statute.

15      Thus, on it's face, BAE's removal notice does not state a legitimate basis for removal.

16                                      II.

17                          STATEMENT OF FACTS
18
19      This action was filed by Mr. Matthis in the San Francisco Superior Court on April 2,
20  2007, and was assigned case number 07-274138.[1]  Exhibit A to Defendant's Notice of
21  Removal.
22
23      During a 6 year period from 1979 - 1985, while employed as an insulator, Mr. Matthis
24  worked at various jobsites. One of those sites was the BAE facility in San Diego where he
25  performed work aboard a Navy ship. He recalled insulating pipes and a boiler in the boiler
26

27      [1]Pursuant to San Francisco Superior Court General Order 55, the plaintiff's complaint was filed in
28  summary form and incorporated by reference a Master Complaint for asbestos personal injury cases filed
   previously by the law firm of Brayton Purcell.

room. He reworked alongside boiler makers repairing boilers, shipfitters working with sheetmetal, electricians cutting and routing electrical wires, welders welding, insulators, and pipefitters replacing sections of pipes. He further recalled that some of the trades were BAE employees. He contends that this activity exposed him to asbestos which has caused his asbestos-related disease. (Plaintiff's answers to Standard Asbestos Case Interrogatories, Exhibit B to BAE's Notice of Removal)

On May 4, 2007, the Complaint and associated documents were served on BAE's agent for service of process. Notice of Removal, Exhibit A. BAE filed its Notice of Removal on June 1, 2007.

III.

## ARGUMENT

In addressing a motion for remand a court must always keep in mind that, because removal of an action to state court implicates federalism concerns and deprives the plaintiff of his chosen forum, the removal statutes must be strictly construed against jurisdiction. *Hofler v. Aetna US Healthcare*, 296 F.3d 764, 767 (9th Cir. 2002). If there is any doubt about the propriety of removal, the case should be remanded to state court. *Matheson v. Progressive Specialty Insurance Company*, 319 F.3d 1089, 1090 (9th Cir. 2003). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant that removed the case from state court bears the burden of proving that removal was proper. *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). Applying these principles to the specific issues raised by this case leads to a clear determination that this case should be remanded to state court.

1.    BAE SYSTEMS HAS NOT ALLEGED A BASIS FOR REMOVAL
UNDER THE FEDERAL OFFICER REMOVAL STATUTE

BAE's Notice of Removal is insufficient on its face.

"Removal based on the existence of a federal question ... must allege all facts essential to the existence of that federal question." *Thomas v. Burlington Industries, Inc.*, 763 F.Supp. 1570, 1576 (S.D. Fla. 1991) (citing *Wright v. Sterling Investors Life Ins. Co.*, 747 F.Supp. 653, 655 (N.D.Ala.1990)). *Compare London v. Standard Oil Co.*, 417 F.2d 820, 822 (9th Cir. 1969) (notice of removal based on diversity was fatally defective where the corporate defendant included its state of incorporation but failed to allege the state in which its principal place of business was located, although defect could be cured with immediate amendment); *Wenger v. Western Reserve Life Assurance Company*, 570 F.Supp. 8, 10 (M.D. Tenn. 1983) (A removing defendant cannot simply state that the case falls within the court's diversity jurisdiction, but must allege "specific facts ... so that this Court itself will be able to decide whether such jurisdiction exists.") .

A notice of removal that contains no more than a "bare-bones contention" that the case is removable on the basis of a federal statute is insufficient and subject to remand. *Thomas, supra.* Here, bare-bones contentions is all that BAE provides.

A defendant that seeks to remove a case under Section 1442(a)(1) has the burden of proving four jurisdictional elements: (1) that it is a "person" within the meaning of the statute; (2) that it acted under the direction of a federal officer; (3) that there is a causal nexus between the plaintiff's claims and the acts the defendant performed under color of federal office; and (4) that it has a colorable federal defense to the plaintiff's claims. *Arnold v. Blue Cross & Blue Shield*, 973 F.Supp. 726, 739 (S.D. Texas 1997) (citing *Mesa v. California*, 489 U.S. 121,

1  124-25, 129-31, 134-35 (1989)).

2    While arguably BAE does not allege facts to support any of the above-stated elements of

3

4  federal officer removal, plaintiff will address only the second, third and fourth.[2]

5        1.    BAE's Allegations Do Not Establish that It
              Acted Under the Direction of a Federal Officer
6

7    BAE has not established that in managing, or performing the work on the Navy vessel it

8  was "acting under" authority of any United States official. This element requires a relationship

9  akin to that between a master and a servant. BAE must show that it worked under the "direct

10
   and detailed control" of a federal official. *Arnold,* 973 F.Supp. at 740. The defendant must
11

12  show that it was under the control of a specific, individual federal official, and cannot rely on

13  generalized allegations that it was supervised by an entire agency. *Good v. Armstrong World*

14  *Industries, Inc.*, 914 F. Supp. 1125, 1128 (E.D. Pa. 1996); *Pack v. ACandS, Inc.*, 838 F.Supp.

15
   1099, 1103 (D.Md. 1993); *Ryan v. Dow Chem. Co.*, 781 F.Supp. 934, 939 (E.D.N.Y. 1992).
16

17    The holding in *Good v. Armstrong World Industries* is quite instructive. As in this case,

18  the plaintiff alleged exposure to asbestos during his service in the U.S. Navy. The removing

19  defendant in that case, Westinghouse, was named in the case because it manufactured turbine

20
   generators which plaintiff worked on as a seaman, and which allegedly contained and emitted
21

22  asbestos dust. Westinghouse offered proof that it manufactured the turbines under government

23  contracts and was bound to meet the general performance specifications set by the Navy. Its

24

25    [2]As to the first element, some courts have held that a corporation has no right to exploit the protection of

26  the Federal Office Removal Statute. *Krangel v. Crown*, 791 F. Supp. 1436, 1442-1446 (S.D. Cal. 1992); *Arnold,* 973 F.Supp. at 739. The statute directly descends from a Civil War era law intended to shield individual federal

27  officers from "local prejudice and harassment in state courts for acts done in their official capacity." *Krangel, supra.* Congress never intended the statute to allow a large corporate defendant to forum hop from state to federal

28  court in civil litigation. Nevertheless, the majority of courts now hold that corporate defendants may invoke this statute, so plaintiff does not press the issue here.

1  witness testified that the production of the turbines was pursuant to Navy design and

2  construction drawings and written specifications, and that Navy officers and civilian employees

3

4  worked at the Westinghouse plant and supervised production of the turbines. *Id.* at 1128.

5  Nevertheless, the court determined that neither Westinghouse's notice of removal nor its

6  affidavit established that any specific Navy official had the necessary control to establish the

7  "acting under" element:

8

9      Although it is true that the United States Navy and many individuals employed
        by the Navy worked with Westinghouse, Westinghouse does not show that the
10     Secretary of the Navy or any other federal officer directly controlled and
        supervised the work of Westinghouse. *Cf. Noble v. Employers Ins.*, 555 F.2d
11     1257 (5th Cir.1977) (finding the "acting under" requirement satisfied where the
        defendant-surgeon had acted under the immediate supervision of the
12     Administrator of Veteran Affairs, who evaluated the defendant-surgeon's
13     performance and determined his hours and working conditions).

14  *Id.* at 1129.

15

16      Here, BAE failed to allege any facts or provide any evidence to show that it acted under

17  the direct control of any federal officer when it worked on the Navy vessel. BAE offered no

18  contracts, no instructions, no designs and no drawings to indicate that any government officer

19  oversaw the work. The result reached in *Good* is no less appropriate here.

20
                    2.      BAE Has Neither Alleged Nor Proven a
21                          Causal Nexus Between Plaintiff's Asbestos Injuries and
22                          Actions It Performed "Under Color of Federal Office."

23      The "causal nexus" element of federal officer removal raises the bar that a defendant

24  must scale even higher. If the defendant "establishes only that the relevant acts occurred under

25  the general auspices of federal direction then it is not entitled to § 1442(a)(1) removal." *Arness*

26

27  *v. Boeing North American, Inc.*, 997 F.Supp. 1268, 1273 (C.D. Cal. 1998). *See also Good*,

28  *supra*, 914 F. Supp. at 1128. To establish the causal nexus element, BAE must show that it

1  included asbestos-containing products and failed to warn of the dangers at the specific
2  command of a federal officer. *Arnold,* 973 F.Supp. at 740 (removing defendant "must prove that
3
4  it acted under the direction of a federal officer while performing the actions that underlie
5  Plaintiff's complaint."). To sustain its burden of proof, "the defendant must also 'by direct
6  averment exclude the possibility that [the state action] was based on acts or conduct of his not
7  justified by his federal duty.'" *Freiberg, supra,* 245 F.Supp.2d at 1156 (quoting *Mesa,* 489 U.S.
8
9  at 132). Put simply, unless an officer of the United States Government consciously and
10 deliberately directed the use of asbestos and directed that no warnings be given (as opposed to
11 just rubber-stamping design specifications), there is no causal relationship between the
12 Government's control and the claims made in this action. Without that express direction from a
13
14 federal official, it must be presumed that BAE's use of asbestos and failure to warn were it's
15 own choice, not that of the Government.

16      Here then, to justify removal, BAE must show that it had no choice whether to use
17 asbestos and whether to warn of its dangers, because federal officials knowingly specified and
18
19 directed the use of asbestos and directed that no warnings be given. BAE must show that even
20 if it had wanted to omit asbestos from its work, it would have been unable to do so because of a
21 direct and detailed command from federal officials. It must show that even if it had wanted to
22 warn of the dangers of asbestos in its yard and aboard the ship it would have been unable to do
23
24 so because of a direct and detailed command from federal officials. BAE has not even alleged,
25 much less proven, that this was the case.

26      Several courts have previously addressed situations in which military government
27 contractors attempted to remove state court actions under the federal officer removal statute on
28

1  the basis of vague allegations of government control, and their holdings are instructive. In

2  *Pippins v. Asbestos Defendants*, No. C 00-1356 (N.D. Cal. 2000)(copy attached), Judge Alsup

3

4  faced an action that had been removed by Rolls-Royce PLC, the successor to Allison Engine

5  Company. The plaintiff, a jet engine mechanic for 36 years, alleged asbestos exposure from

6  Allison engines. Rolls-Royce removed the case under the federal officer removal statute, but

7  Judge Alsup remanded it, finding no causal connection between Allison's alleged "working

8

9  under" military contract officers and the claims made in the lawsuit:

10      In the volume of documents submitted by defendant and describing the oversight
        of the United States government during the design and manufacturing of the
11      T56, the word 'asbestos' appears not once. Nor during oral argument could
        defendant name a single asbestos-containing part that the government directed it
12      to incorporate into the engine. .... Defendant thus was free to use whatever
13      standard parts it believed appropriate. No causal relationship has been shown
        between defendant's alleged choice of asbestos and the government's actual
14      orders to defendant. Hence, plaintiff's motion to remand should be granted.

15
   Slip op. at 4.
16

17      In *Groombridge v. Asbestos Defendants*, No. 00-01654 (N.D. Cal. 2000) (copy

18  attached), Judge Chesney faced virtually the same set of facts presented by the same removing

19  defendant, and she reached the same result as Judge Alsup. She held that the defendant failed

20  to meet the "nexus" element because the "voluminous materials" it submitted "contain[ed] no
21

22  requirement or even reference to the use of asbestos." Slip op. at 3. The judge cited a previous,

23  similar holding by this Court, *Cabalic v. Owens Corning Fiberglas Corp.*, 1994 WL 564724

24  (N.D. Cal. 1994), and distinguished other cases that denied motions for remand where "the
25

26  government specified the use of asbestos." *Id.*

27      In *Good, supra*, after finding that Westinghouse had failed to establish the "acting

28  under" element of federal officer removal, the court further held that because there was no proof

K:\Atty\LFL\Math s Motion for Remand.wpd                8
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR PAYMENT OF FEES AND
COSTS; MEMORANDUM OF POINTS AND AUTHORITIES - C07-2866-SC

that the a government official required the use of asbestos in its turbines, Westinghouse had

also failed to establish any causal connection between the conduct that underlay the state law

claim and any alleged federal control of Westinghouse's actions:

> Neither the notice nor the affidavit establishes that a federal officer required the use of asbestos in the design and manufacture of the turbine generators. In fact, neither of those documents relied on by Westinghouse even mention asbestos. Although other courts cited by Westinghouse may have permitted removal based upon general assertions that the government imposed specifications in the contracts, without the mention of asbestos as a particular component, I note that this lack of specificity further supports my conclusion that Westinghouse has not met its burden to make a causal connection between the state claim and the conduct undertaken pursuant to the direction given by an officer of the federal government.

914 F. Supp. at 1130.

In *Bahrs*, the plaintiff's claims for groundwater contamination arose out of the improper

disposal of chemicals used in an aircraft factory. General Dynamics removed the case on the

assertion that it's predecessor manufactured the aircraft under government contracts and

specifications; the Court held that this was insufficient to justify removal:

> While the government officials were undoubtedly most interested in the production of war materials, the record before this Court does not demonstrate the government's necessary control over the method of waste disposal.  **The mere fact that the government possessed the power to exercise control over the project does not establish that the power was in fact ever exercised.**

*Bahrs, supra*, 795 F.Supp. at 970 (emphasis added).

Similarly here, while BAE states that the United States had the power to control its

work, it does not show that this power was in fact ever exercised to require or otherwise

regulate the use of asbestos.

Lest there be any confusion, while these standards might call to mind the requirements

for establishing a government contractor defense, the standard for removal is, in fact, much

1  higher. Several federal courts have found that while the defendant presented a "colorable"
2  government contractor defense, they did not establish a legitimate basis for removal under the
3
4  federal officer removal statue. *E.G. Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268
5  (C.D. Cal. 1998); *Bahrs, supra.*; *Good, supra*, 914 F. Supp. at 1129.

6      The defendant's burden of proving the elements of federal officer removal "is
7  substantive and is not satisfied by incantations of government contractor status alone."
8
9  *Freiberg, supra*, 245 F.Supp.2d at 1152. *See also Ryan, supra*, 781 F.Supp. at 945 (stating that
10  "the set of defendants who can avail themselves of § 1442(a) is smaller than the set of
11  defendants who can make a colorable claim to a federal defense.")

12                    3.     BAE Has Not Raised a Colorable Federal Defense.
13
14      BAE submits that it has a colorable defense under *Boyle v. United Technologies Corp.*,
15  487 U.S. 500 (1988), but its allegations do not even clear this bottom rung of its hurdle.

16      Under *Boyle*, liability for design defects in military equipment cannot be imposed under
17  state law when (1) the United States approved "precise specifications," (2) the equipment
18
19  conformed to those specifications, and (3) the supplier warned the government about the
20  dangers in use of the equipment that were known to the supplier but not to the government. 487
21  U.S. at 512. The government contractor defense will not "trump" a state claim in the absence of
22  evidence that the contractor complied with the "precise specification" imposed on it by a
23
24  specific officer of the United States government. *Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d
25  582, 586 (9th Cir. 1996).

26      The defense amounts to a claim that "the government made me do it." *In Re: Hawaii*
27  *Federal Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1991) (citing *In Re: Joint E. & S. Dist. N.*
28

K \Atty LFL Motil s Motion for Remand .wpl.                    10

1  *Y. Asbestos Litig.*, 897 F.2d 626, 632 (2d Cir. 1990)). It applies in very narrow circumstances:

2
3       *Boyle* displaces state law only when the government, making a discretionary,
        safety-related military procurement decision contrary to the requirements of state
4       law, incorporates this decision into a military contractor's contractual
        obligations, thereby limiting the contractor's ability to accommodate safety in a
5       different fashion.

6  960 F.2d at 810 (internal quotations omitted). *Accord Dorse v. Eagle-Picher Indus., Inc.*, 898

7  F.2d 1487, 1489 (11th Cir. 1990).

8
        Here, BAE does not allege facts showing any element of this defense is present. There
9
10  is no allegation that there were any "precise specifications" which contained any direction that it

11  use asbestos-containing products or that prohibited it from warning of the dangers of asbestos..

12  Without that proof, it is neither possible nor necessary to consider any of the remaining
13
    elements of this defense.
14

15       4.       BAE's Request to Submit Additional Evidence Must be Denied

16       A defendant may not amend a removal petition after the 30 day time limit has passed,

17  except to correct matters of form or technical defects. *Bahrs v. Hughes Aircraft Co.*, 795
18
19  F.Supp. 965, 968 (D. Az. 1992) (citing *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d

20  316 (9th Cir.1969). In its Notice of Removal, BAE asks: "Should plaintiff file a Motion to

21  Remand this case, BAE respectfully requests an opportunity to respond more fully in writing,

22  including the submission of affidavits and authorities." Notice of Removal ¶ 10. This should
23
24  not be permitted. As noted above, "Removal based on the existence of a federal question ...

25  must allege all facts essential to the existence of that federal question." *Thomas v. Burlington*

26  *Industries, Inc.*, 763 F.Supp. 1570, 1576 (S.D. Fla. 1991) (citing *Wright v. Sterling Investors*

27  *Life Ins. Co.*, 747 F.Supp. 653, 655 (N.D.Ala.1990)) A removing defendant cannot simply state
28

1 that the case falls within the court's diversity jurisdiction, but must allege "specific facts ... so

2 that this Court itself will be able to decide whether such jurisdiction exists." *Wenger v. Western*

3
4 *Reserve Life Assurance Company*, 570 F.Supp. 8, 10 (M.D. Tenn. 1983). Here, BAE has

5 alleged no facts at all. It has demonstrated nothing to support its mere allegations that its work

6 was performed at the direction of a federal officer. The allegations are not even supported by a

7 declaration of counsel. They are simply averments in the motion wholly unsupported by facts.

8
9 As such they do not meet the threshold test to support the removal.

10        5.        PLAINTIFFS ARE ENTITLED TO AN AWARD
                   OF COSTS AND ATTORNEYS' FEES
11

12        Plaintiffs request fees and costs incurred in moving for remand pursuant to 28 USC §

13 1447(c). "[F]ees are proper when removal is wrong as a matter of law, even though the

14 defendant's position may be 'fairly supportable.'" *Hofler v. Aetna US Healthcare*, 296 F.3d

15
16 764, 770 (9th Cir. 2002) (affirming award of $9,750 in attorneys' fees for improper removal).

17 Here, removal was improper as a matter of law, as BAE's removal papers do not even allege the

18 facts necessary to justify removal under the federal officer removal statute.

19 ///

20 ///
21

22 ///

23 ///

24 ///

25
26 ///

27 ///

28 ///

NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES  - C07-2866-SC

1                                              IV.

2                                         CONCLUSION

3
        BAE has not even alleged that it used asbestos-containing products or failed to warn at
4
5    the specific direction of an officer of the federal government.  That allegation is necessary to

6    establish the propriety of removal under the federal officer removal statute.  Because the

7    removal papers are inadequate on their face, the removal was improper as a matter of law, and

8
     plaintiffs are entitled to costs and fees incurred in making this motion.
9
10   Dated: June 28, 2007                                    BRAYTON❖PURCELL LLP

11
                                                             /s/ Lloyd F. LeRoy
12
                                                       By: _____
13                                                           Lloyd F. LeRoy
                                                             Attorneys for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Atty\LFL\Matthis Motion for Remand.wpd                 13
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR PAYMENT OF FEES AND
COSTS; MEMORANDUM OF POINTS AND AUTHORITIES  - C07-2866-SC