ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
LLOYD F. LEROY, ESQ., S.B. #203502
BRAYTON❖PURCELL LLP, LLP
Attorneys at Law
222 Rush Landing Road
Novato, California 94948
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MATTHIS, JR., | No. 3:07-cv-02866-SC |
| Plaintiff, | |
| vs. | **[PROPOSED]** |
| | **ORDER GRANTING MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR PAYMENT OF FEES AND COSTS** |
| ASBESTOS DEFENDANTS (B❖P), | |
| Defendants. | **[28 U.S.C. § 1447 (c)]** |

Plaintiff's Motion to Remand Case to California Superior Court under 28 U.S.C. § 1447(c) came on regularly for hearing on August 10, 2007, in the above-entitled Court. Plaintiff was represented by the law firm of Brayton❖Purcell LLP. Removing defendant BAE Systems San Diego Ship Repair, Inc. was represented by the law firm of Buty & Curiliano.

After full consideration of all papers filed herein, and upon hearing of oral argument, the Court rules as follows:

///

///

K:\Atty\LFL\Matthis Proposed Order (JMD Revised).wpd    1
ORDER GRANTING MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR PAYMENT OF FEES AND COSTS - C07-2866-SC

BAE Systems has not met its burden of proving jurisdiction under 28 U.S.C. §1442(a)(1), known commonly as the federal officer removal statute. This action was brought as a result of the plaintiff's exposure to asbestos and asbestos-containing products while working aboard a U.S. Navy vessel at the Defendant's facility formerly known as Southwest Marine.

Defendant has neither alleged nor submitted evidence to show that its use of asbestos containing products and failure to warn plaintiff of the presence and danger of asbestos on its premises were the result of a specific order by an official of the United States Government. Thus, the required causal relationship between the defendant's alleged "acting under" the control of an officer of the United States Government and its exposing of plaintiff to asbestos products has not been established. Therefore, defendant's removal was improper.

Under 28 U.S.C. § 1447(c), the court may order a removing defendant to pay plaintiff his "just costs and any actual expenses, including attorney fees, incurred as a result of removal." In light of the facial insufficiency of the allegations in the Notice of Removal, removal was improper as a matter of law. Therefore the court concludes that an award of costs and fees is appropriate.

IT IS ORDERED that Plaintiff's Motion to Remand to California Superior Court is hereby GRANTED. Plaintiff is awarded fees and costs in an amount to be determined Plaintiff shall file a memorandum of fees and costs with the court not later than two weeks from the date of this order.

Dated: _____

　　　　　　　　　　　　　　　　　　　　Samuel Conti
　　　　　　　　　　　　　　　　　　　　United States District Court Judge