1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  LLOYD F. LEROY, ESQ., S.B. #203502
   BRAYTON❖PURCELL LLP, LLP
3  Attorneys at Law
   222 Rush Landing Road
4  Novato, California 94948
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiff

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  WILLIAM MATTHIS, JR.,                    )    No. 3:07-cv-02866-SC
                                             )
12            Plaintiff,                     )
                                             )    **RE-NOTICE OF MOTION AND**
13  vs.                                      )    **MOTION TO REMAND CASE TO**
                                             )    **CALIFORNIA SUPERIOR COURT**
14  ASBESTOS DEFENDANTS (B❖P),               )    **AND FOR PAYMENT OF FEES AND**
                                             )    **COSTS; MEMORANDUM OF POINTS**
15            Defendants.                    )    **AND AUTHORITIES**
                                             )
16  _____      )
                                             )    **Date:** August 17, 2007
17                                                (Reset from August 10, 2007)
18                                                **Time:** 10:00 a.m.

19

20
    TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:
21

22      Notice is hereby given that on Friday, August 17, 2007 at 10:00 a.m., or as soon

23  thereafter as this matter may be heard, in Courtroom 1 of the above-entitled court, located at

24  450 Golden Gate Avenue, San Francisco, California, plaintiff will move the court for an Order

25
    remanding this case to the Superior Court of California in and for the City and County of San
26

27  Francisco, and awarding costs and fees incurred in the making of this motion. This motion is

28  based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of

    K:\Atty\LFL\Matthis Motion for Remand (new date).wpd          1
    RE-NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR FEES
    AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES - C07-2866-SC

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  Lloyd F. LeRoy, the allegations in plaintiff's complaint, the defendant's Notice of Removal, and

2  such argument as may be made at the hearing.

3

4      Plaintiff seeks remand on the ground that defendant has neither alleged nor provided

5  evidence to support a legitimate basis for removal under 28 U.S.C. § 1442(a). Under 28 U.S.C.

6  §1447(c), plaintiff requests payment of the costs and fees incurred in the making of this motion,

7  because the lack of a basis for removal was apparent on the face of the Notice of Removal.

8

9  Dated: June 29, 2007                          BRAYTON❖PURCELL LLP

10

                                                /s/ Lloyd F. LeRoy
11                                        By: _____
12                                              Lloyd F. LeRoy
                                                Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RE-NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES - C07-2866-SC

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION AND STATEMENT OF ISSUES .......................... 1

II.   STATEMENT OF FACTS ............................................ 2

III.  ARGUMENT ..................................................... 3

      A.    BAE SYSTEMS HAS NOT ALLEGED A BASIS FOR REMOVAL
            UNDER THE FEDERAL OFFICER REMOVAL STATUTE ............ 4

            1.    BAE'S Allegations Do Not Establish that It Acted Under
                  Direction of a Federal Officer. ............................... 5

            2.    BAE Has Neither Alleged Nor Proven a Causal Nexus Between
                  Plaintiff's Asbestos Injuries and Actions It Performed "Under
                  Color of Federal Office." ................................... 6

            3.    BAE Has Not Raised a Colorable Federal Defense. .............. 10

            4.    BAE's Request to Submit Additional Evidence Must be Denied .... 11

      B.    PLAINTIFFS ARE ENTITLED TO AN AWARD OF COSTS AND
            ATTORNEYS' FEES .......................................... 12

IV.   CONCLUSION .................................................. 13

**TABLE OF AUTHORITIES**

CASES                                                                                              PAGE

*Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998) . . . . . . . . . . .  6, 10

*Arnold v. Blue Cross & Blue Shield*, 973 F.Supp. 726 (S.D. Texas 1997) . . . . . . . . . . . . .  4, 5,7

*Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 968 (D. Az. 1992) . . . . . . . . . . . . . . .  9, 10, 11

*Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir. 1969) . . . . . . . . . . . . . .  11

*Boyle v. United Technologies*, 487 U.S. 500 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . .  10

*Dorse v. Eagle-Picher Indus., Inc.*, 898 F.2d 1487 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . .  11

*Freiberg v. Swinerton & Walberg Property Services, Inc.*,
245 F.Supp.2d 1144 (D. Colo. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 10

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125 (E.D Pa 1996) . . . . . .  5, 8, 9, 10

*Hofler v. Aetna US Healthcare*, 296 F.3d 764 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . .  3, 12

*In Re: Joint E. & S. Dist. N. Y. Asbestos Litig.*, 897 F.2d 626 (2d Cir. 1990) . . . . . . . . . . . .  11

*In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1991) . . . . . . . . . . . . . . . .  10, 11

*Krangel v. Crown*, 791 F.Supp. 1436 (S.D. Cal. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*London v. Standard Oil Co.*, 417 F.2d 820 (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089 (9th Cir. 2003) . . . . . . . . . .  3

*Mesa v. California*, 489 U.S. 121 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 7

*Noble v. Employers Ins.*, 555 F.2d 1257 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Pack v. ACandS, Inc.*, 838 F.Supp. 1099 (D.Md. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Ryan v. Dow Chem. Co.*, 781 F.Supp. 934 (E.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . .  5, 10

1   *Thomas v. Burlington Industries, Inc.*, 763 F. Supp. 1570 (S.D. Fla 1991) . . . . . . . . . . . 4, 11

2   *United Computer Systems v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002) . . . . . . . . . . . . . . . 3

3

4   *Wenger v. Western Reserve Life Assurance Company*,
    570 F.Supp. 8 (M.D. Tenn 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

5

    *Wright v. Sterling Investors Life Ins. Co.*, 747 F.Supp. 653 (N.D. Ala. 1990) . . . . . . . . . 4, 11

6

7   STATUTES

8   28 U.S.C. §1442 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 6, 10

9   28 U.S.C. §1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.

3

### INTRODUCTION AND STATEMENT OF ISSUES

4

5       This is an action for personal injuries arising out of plaintiff William Matthis' exposure

6   to asbestos.

7       In his capacity as an insulator, plaintiff performed work at many job sites. Among

8

9   those was a facility in San Diego named Southwest Marine, Inc.. He recalls working there on

10   one U.S Navy vessel, whose name he cannot recall, during the period 1979 - 1985. He recalls

11   installing pipe insulation and working around other individuals who were working on boilers,

12   pipes, valves and insulation. Some of those individuals were employees of Southwest Marine.

13

14   The removing defendant, BAE Systems San Diego Ship Repair Inc., is the successor to

15   Southwest Marine Inc. Both entities will be referred to hereafter as "BAE."

16       BAE removed this case on one stated ground: 28 U.S.C. §1442(a)(1), commonly known

17   as the federal officer removal statute, which permits removal by "any officer of the United

18

19   States or any agency thereof, or person acting under him for any act under color of such office."

20   This motion raises one issue: whether BAE has even alleged facts sufficient to support removal

21   under that statute.

22       Under settled law, a basis for removal exists only if BAE was given specific instructions

23

24   by an officer of the United States Government to use asbestos-containing products in the ship

25   plaintiff worked on, and if that federal officer prohibited BAE from warning plaintiff that

26   asbestos was in use and of the dangers of that use. BAE's removal petition carefully stops short

27   of making that claim. Instead, it makes generalized, conclusory allegations that "[s]ince BAE

28

1    performed work on a military vessel on which plaintiff worked, and such work was responsible

2    for his injuries, said work was performed pursuant to contracts and specifications executed by

3
4    an officer of the United States;" that "[o]n the Navy vessels, BAE's work was performed

5    pursuant to mandatory comprehensive and detailed specifications, plans and/or other drawings

6    that were created approved, and accepted by the United States Military and/or the United States

7    Navy," and that "BAE has asserted a federal defense to this action: immunity from liability for
8
9    injuries arising from any exposure to asbestos on the vessel, worked on by BAE and upon

10   which plaintiff worked."Notice of Removal, ¶¶ 6, 7, 9. Significantly, BAE's removal contained

11   no evidence to support these conclusory statements. In light of the standards set out by this

12   Court in addressing previous removals of the same nature, these conclusory allegations are not
13
14   sufficient to invoke the federal officer removal statute.

15          Thus, on it's face, BAE's removal notice does not state a legitimate basis for removal.

16                                              II.

17                                  STATEMENT OF FACTS
18
19          This action was filed by Mr. Matthis in the San Francisco Superior Court on April 2,

20   2007, and was assigned case number 07-274138.[1]  Exhibit A to Defendant's Notice of

21   Removal.

22          During a 6 year period from 1979 - 1985, while employed as an insulator, Mr. Matthis
23
24   worked at various jobsites. One of those sites was the BAE facility in San Diego where he

25   performed work aboard a Navy ship. He recalled insulating pipes and a boiler in the boiler

26

27          [1]Pursuant to San Francisco Superior Court General Order 55, the plaintiff's complaint was filed in
28   summary form and incorporated by reference a Master Complaint for asbestos personal injury cases filed
     previously by the law firm of Brayton Purcell.

room. He reworked alongside boiler makers repairing boilers, shipfitters working with
sheetmetal, electricians cutting and routing electrical wires, welders welding, insulators, and
pipefitters replacing sections of pipes. He further recalled that some of the trades were BAE
employees. He contends that this activity exposed him to asbestos which has caused his
asbestos-related disease. (Plaintiff's answers to Standard Asbestos Case Interrogatories, Exhibit
B to BAE's Notice of Removal)

On May 4, 2007, the Complaint and associated documents were served on BAE's agent
for service of process. Notice of Removal, Exhibit A. BAE filed its Notice of Removal on
June 1, 2007.

III.

## ARGUMENT

In addressing a motion for remand a court must always keep in mind that, because
removal of an action to state court implicates federalism concerns and deprives the plaintiff of
his chosen forum, the removal statutes must be strictly construed against jurisdiction. *Hofler v.
Aetna US Healthcare*, 296 F.3d 764, 767 (9th Cir. 2002). If there is any doubt about the
propriety of removal, the case should be remanded to state court. *Matheson v. Progressive
Specialty Insurance Company*, 319 F.3d 1089, 1090 (9th Cir. 2003). There is a "strong
presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
1992). The defendant that removed the case from state court bears the burden of proving that
removal was proper. *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir.
2002). Applying these principles to the specific issues raised by this case leads to a clear
determination that this case should be remanded to state court.

1

2

1.    BAE SYSTEMS HAS NOT ALLEGED A BASIS FOR REMOVAL
UNDER THE FEDERAL OFFICER REMOVAL STATUTE

3       BAE's Notice of Removal is insufficient on its face.

4       "Removal based on the existence of a federal question ... must allege all facts essential

5

6    to the existence of that federal question." *Thomas v. Burlington Industries, Inc.*, 763 F.Supp.

7    1570, 1576 (S.D. Fla. 1991) (citing *Wright v. Sterling Investors Life Ins. Co.*, 747 F.Supp. 653,

8    655 (N.D.Ala.1990)).  *Compare London v. Standard Oil Co.*, 417 F.2d 820, 822 (9th Cir. 1969)

9    (notice of removal based on diversity was fatally defective where the corporate defendant

10
     included its state of incorporation but failed to allege the state in which its principal place of
11

12   business was located, although defect could be cured with immediate amendment); *Wenger v.*

13   *Western Reserve Life Assurance Company*, 570 F.Supp. 8, 10 (M.D. Tenn. 1983) (A removing

14   defendant cannot simply state that the case falls within the court's diversity jurisdiction, but

15
     must allege "specific facts ... so that this Court itself will be able to decide whether such
16

17   jurisdiction exists.") .

18       A notice of removal that contains no more than a "bare-bones contention" that the case

19   is removable on the basis of a federal statute is insufficient and subject to remand. *Thomas,*

20
     *supra.*  Here, bare-bones contentions is all that BAE provides.
21

22       A defendant that seeks to remove a case under Section 1442(a)(1) has the burden of

23   proving four jurisdictional elements: (1) that it is a "person" within the meaning of the statute;

24   (2) that it acted under the direction of a federal officer;  (3) that there is a causal nexus between

25
     the plaintiff's claims and the acts the defendant performed under color of federal office;  and (4)
26

27   that it has a colorable federal defense to the plaintiff's claims. *Arnold v. Blue Cross & Blue*

28   *Shield*, 973 F.Supp. 726, 739 (S.D. Texas 1997) (citing *Mesa v. California*, 489 U.S. 121,

124-25, 129-31, 134-35 (1989)).

While arguably BAE does not allege facts to support any of the above-stated elements of federal officer removal, plaintiff will address only the second, third and fourth.[2]

1.  BAE's Allegations Do Not Establish that It
    Acted Under the Direction of a Federal Officer

BAE has not established that in managing, or performing the work on the Navy vessel it was "acting under" authority of any United States official. This element requires a relationship akin to that between a master and a servant. BAE must show that it worked under the "direct and detailed control" of a federal official. *Arnold,* 973 F.Supp. at 740. The defendant must show that it was under the control of a specific, individual federal official, and cannot rely on generalized allegations that it was supervised by an entire agency. *Good v. Armstrong World Industries, Inc.*, 914 F. Supp. 1125, 1128 (E.D. Pa. 1996); *Peck v. ACandS, Inc.*, 838 F.Supp. 1099, 1103 (D.Md. 1993); *Ryan v. Dow Chem. Co.*, 781 F.Supp. 934, 939 (E.D.N.Y. 1992).

The holding in *Good v. Armstrong World Industries* is quite instructive. As in this case, the plaintiff alleged exposure to asbestos during his service in the U.S. Navy. The removing defendant in that case, Westinghouse, was named in the case because it manufactured turbine generators which plaintiff worked on as a seaman, and which allegedly contained and emitted asbestos dust. Westinghouse offered proof that it manufactured the turbines under government contracts and was bound to meet the general performance specifications set by the Navy. Its

---

[2] As to the first element, some courts have held that a corporation has no right to exploit the protection of the Federal Office Removal Statute. *Krangel v. Crown*, 791 F. Supp. 1436, 1442-1446 (S.D. Cal. 1992): *Arnold,* 973 F.Supp. at 739. The statute directly descends from a Civil War era law intended to shield individual federal officers from "local prejudice and harassment in state courts for acts done in their official capacity." *Krangel, supra.* Congress never intended the statute to allow a large corporate defendant to forum hop from state to federal court in civil litigation. Nevertheless, the majority of courts now hold that corporate defendants may invoke this statute, so plaintiff does not press the issue here.

witness testified that the production of the turbines was pursuant to Navy design and

construction drawings and written specifications, and that Navy officers and civilian employees

worked at the Westinghouse plant and supervised production of the turbines. *Id.* at 1128.

Nevertheless, the court determined that neither Westinghouse's notice of removal nor its

affidavit established that any specific Navy official had the necessary control to establish the

"acting under" element:

> Although it is true that the United States Navy and many individuals employed
> by the Navy worked with Westinghouse, Westinghouse does not show that the
> Secretary of the Navy or any other federal officer directly controlled and
> supervised the work of Westinghouse. *Cf. Noble v. Employers Ins.*, 555 F.2d
> 1257 (5th Cir.1977) (finding the "acting under" requirement satisfied where the
> defendant-surgeon had acted under the immediate supervision of the
> Administrator of Veteran Affairs, who evaluated the defendant-surgeon's
> performance and determined his hours and working conditions).

*Id.* at 1129.

Here, BAE failed to allege any facts or provide any evidence to show that it acted under

the direct control of any federal officer when it worked on the Navy vessel. BAE offered no

contracts, no instructions, no designs and no drawings to indicate that any government officer

oversaw the work. The result reached in *Good* is no less appropriate here.

> 2.    BAE Has Neither Alleged Nor Proven a
>       Causal Nexus Between Plaintiff's Asbestos Injuries and
>       Actions It Performed "Under Color of Federal Office."

The "causal nexus" element of federal officer removal raises the bar that a defendant

must scale even higher. If the defendant "establishes only that the relevant acts occurred under

the general auspices of federal direction then it is not entitled to § 1442(a)(1) removal." *Arness*

*v. Boeing North American, Inc.*, 997 F.Supp. 1268, 1273 (C.D. Cal. 1998). *See also Good,*

*supra,* 914 F. Supp. at 1128. To establish the causal nexus element, BAE must show that it

1   included asbestos-containing products and failed to warn of the dangers at the specific

2   command of a federal officer. *Arnold*, 973 F.Supp. at 740 (removing defendant "must prove that

3
4   it acted under the direction of a federal officer while performing the actions that underlie

5   Plaintiff's complaint."). To sustain its burden of proof, "the defendant must also 'by direct

6   averment exclude the possibility that [the state action] was based on acts or conduct of his not

7   justified by his federal duty.'" *Freiberg, supra*, 245 F.Supp.2d at 1156 (quoting *Mesa*, 489 U.S.

8
9   at 132). Put simply, unless an officer of the United States Government consciously and

10  deliberately directed the use of asbestos and directed that no warnings be given (as opposed to

11  just rubber-stamping design specifications), there is no causal relationship between the

12  Government's control and the claims made in this action. Without that express direction from a

13
14  federal official, it must be presumed that BAE's use of asbestos and failure to warn were it's

15  own choice, not that of the Government.

16      Here then, to justify removal, BAE must show that it had no choice whether to use

17  asbestos and whether to warn of its dangers, because federal officials knowingly specified and

18
19  directed the use of asbestos and directed that no warnings be given. BAE must show that even

20  if it had wanted to omit asbestos from its work, it would have been unable to do so because of a

21  direct and detailed command from federal officials. It must show that even if it had wanted to

22  warn of the dangers of asbestos in its yard and aboard the ship it would have been unable to do

23
24  so because of a direct and detailed command from federal officials. BAE has not even alleged,

25  much less proven, that this was the case.

26      Several courts have previously addressed situations in which military government

27
28  contractors attempted to remove state court actions under the federal officer removal statute on

K:\Atty\LFL\Mathis Motion for Remand (new date).wpd                                   7

the basis of vague allegations of government control, and their holdings are instructive. In

*Pippins v. Asbestos Defendants*, No. C 00-1356 (N.D. Cal. 2000)(copy attached), Judge Alsup

faced an action that had been removed by Rolls-Royce PLC, the successor to Allison Engine

Company. The plaintiff, a jet engine mechanic for 36 years, alleged asbestos exposure from

Allison engines. Rolls-Royce removed the case under the federal officer removal statute, but

Judge Alsup remanded it, finding no causal connection between Allison's alleged "working

under" military contract officers and the claims made in the lawsuit.

> In the volume of documents submitted by defendant and describing the oversight of the United States government during the design and manufacturing of the T56, the word 'asbestos' appears not once. Nor during oral argument could defendant name a single asbestos-containing part that the government directed it to incorporate into the engine. .... Defendant thus was free to use whatever standard parts it believed appropriate. No causal relationship has been shown between defendant's alleged choice of asbestos and the government's actual orders to defendant. Hence, plaintiff's motion to remand should be granted.

Slip op. at 4.

In *Groombridge v. Asbestos Defendants*, No. 00-01654 (N.D. Cal. 2000) (copy

attached). Judge Chesney faced virtually the same set of facts presented by the same removing

defendant, and she reached the same result as Judge Alsup. She held that the defendant failed

to meet the "nexus" element because the "voluminous materials" it submitted "contain[ed] no

requirement or even reference to the use of asbestos." Slip op. at 3. The judge cited a previous,

similar holding by this Court, *Cabalic v. Owens Corning Fiberglas Corp.*, 1994 WL 564724

(N.D. Cal. 1994), and distinguished other cases that denied motions for remand where "the

government specified the use of asbestos." *Id.*

In *Good, supra*, after finding that Westinghouse had failed to establish the "acting

under" element of federal officer removal, the court further held that because there was no proof

8

that the a government official required the use of asbestos in its turbines, Westinghouse had also failed to establish any causal connection between the conduct that underlay the state law claim and any alleged federal control of Westinghouse's actions:

> Neither the notice nor the affidavit establishes that a federal officer required the use of asbestos in the design and manufacture of the turbine generators. In fact, neither of those documents relied on by Westinghouse even mention asbestos. Although other courts cited by Westinghouse may have permitted removal based upon general assertions that the government imposed specifications in the contracts, without the mention of asbestos as a particular component, I note that this lack of specificity further supports my conclusion that Westinghouse has not met its burden to make a causal connection between the state claim and the conduct undertaken pursuant to the direction given by an officer of the federal government.

914 F. Supp. at 1130.

In *Bahrs*, the plaintiff's claims for groundwater contamination arose out of the improper disposal of chemicals used in an aircraft factory. General Dynamics removed the case on the assertion that it's predecessor manufactured the aircraft under government contracts and specifications; the Court held that this was insufficient to justify removal:

> While the government officials were undoubtedly most interested in the production of war materials, the record before this Court does not demonstrate the government's necessary control over the method of waste disposal. **The mere fact that the government possessed the power to exercise control over the project does not establish that the power was in fact ever exercised.**

*Bahrs, supra*, 795 F.Supp. at 970 (emphasis added).

Similarly here, while BAE states that the United States had the power to control its work, it does not show that this power was in fact ever exercised to require or otherwise regulate the use of asbestos.

Lest there be any confusion, while these standards might call to mind the requirements for establishing a government contractor defense, the standard for removal is, in fact, much

higher. Several federal courts have found that while the defendant presented a "colorable" government contractor defense, they did not establish a legitimate basis for removal under the federal officer removal statue. *E.G. Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998); *Bahrs, supra*.; *Good, supra*, 914 F. Supp. at 1129.

The defendant's burden of proving the elements of federal officer removal "is substantive and is not satisfied by incantations of government contractor status alone." *Freiberg, supra*, 245 F.Supp.2d at 1152. *See also Ryan, supra*, 781 F.Supp. at 945 (stating that "the set of defendants who can avail themselves of § 1442(a) is smaller than the set of defendants who can make a colorable claim to a federal defense.")

3.     BAE Has Not Raised a Colorable Federal Defense.

BAE submits that it has a colorable defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), but its allegations do not even clear this bottom rung of its hurdle.

Under *Boyle*, liability for design defects in military equipment cannot be imposed under state law when (1) the United States approved "precise specifications," (2) the equipment conformed to those specifications, and (3) the supplier warned the government about the dangers in use of the equipment that were known to the supplier but not to the government. 487 U.S. at 512. The government contractor defense will not "trump" a state claim in the absence of evidence that the contractor complied with the "precise specification" imposed on it by a specific officer of the United States government. *Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582, 586 (9th Cir. 1996).

The defense amounts to a claim that "the government made me do it." *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1991) (citing *In Re: Joint E. & S. Dist. N.*

K:\Atty\LFL\Mathis Motion for Remand (new date).wpd                                         10

1  *Y. Asbestos Litig.*, 897 F.2d 626, 632 (2d Cir. 1990)).  It applies in very narrow circumstances:

> *Boyle* displaces state law only when the government, making a discretionary,
> safety-related military procurement decision contrary to the requirements of state
> law, incorporates this decision into a military contractor's contractual
> obligations, thereby limiting the contractor's ability to accommodate safety in a
> different fashion.

960 F.2d at 810 (internal quotations omitted). *Accord Dorse v. Eagle-Picher Indus., Inc.*, 898

F.2d 1487, 1489 (11th Cir. 1990).

   Here, BAE does not allege facts showing any element of this defense is present.  There

is no allegation that there were any "precise specifications" which contained any direction that it

use asbestos-containing products or that prohibited it from warning of the dangers of asbestos..

Without that proof, it is neither possible nor necessary to consider any of the remaining

elements of this defense.

   4.   BAE's Request to Submit Additional Evidence Must be Denied

   A defendant may not amend a removal petition after the 30 day time limit has passed,

except to correct matters of form or technical defects. *Bahrs v. Hughes Aircraft Co.*, 795

F.Supp. 965, 968 (D. Az. 1992) (citing *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d

316 (9th Cir.1969).  In its Notice of Removal, BAE asks: "Should plaintiff file a Motion to

Remand this case, BAE respectfully requests an opportunity to respond more fully in writing,

including the submission of affidavits and authorities." Notice of Removal ¶ 10.  This should

not be permitted.  As noted above, "Removal based on the existence of a federal question ...

must allege all facts essential to the existence of that federal question." *Thomas v. Burlington

Industries, Inc.*, 763 F.Supp. 1570, 1576 (S.D. Fla. 1991) (citing *Wright v. Sterling Investors

Life Ins. Co.*, 747 F.Supp. 653, 655 (N.D.Ala.1990))  A removing defendant cannot simply state

that the case falls within the court's diversity jurisdiction, but must allege "specific facts ... so that this Court itself will be able to decide whether such jurisdiction exists." *Wenger v. Western Reserve Life Assurance Company*, 570 F.Supp. 8, 10 (M.D. Tenn 1983). Here, BAE has alleged no facts at all. It has demonstrated nothing to support its mere allegations that its work was performed at the direction of a federal officer. The allegations are not even supported by a declaration of counsel. They are simply averments in the motion wholly unsupported by facts. As such they do not meet the threshold test to support the removal.

5.    PLAINTIFFS ARE ENTITLED TO AN AWARD
       OF COSTS AND ATTORNEYS' FEES

Plaintiffs request fees and costs incurred in moving for remand pursuant to 28 USC § 1447(c). "[F]ees are proper when removal is wrong as a matter of law, even though the defendant's position may be 'fairly supportable.'" *Hofler v. Aetna US Healthcare*, 296 F.3d 764, 770 (9th Cir. 2002) (affirming award of $9,750 in attorneys' fees for improper removal). Here, removal was improper as a matter of law, as BAE's removal papers do not even allege the facts necessary to justify removal under the federal officer removal statute

///
///
///
///
///
///
///
///

1          IV.

2          CONCLUSION

3

4      BAE has not even alleged that it used asbestos-containing products or failed to warn at

5   the specific direction of an officer of the federal government. That allegation is necessary to

6   establish the propriety of removal under the federal officer removal statute. Because the

7   removal papers are inadequate on their face, the removal was improper as a matter of law, and

8
    plaintiffs are entitled to costs and fees incurred in making this motion.
9

10  Dated: June 29, 2007                          BRAYTON❖PURCELL LLP

11

12                                               /s/ Lloyd F. LeRoy
                                          By: _____
13                                               Lloyd F. LeRoy
                                                 Attorneys for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT AND FOR PAYMENT OF FEES AND
COSTS; MEMORANDUM OF POINTS AND AUTHORITIES  - C07-2866-SC