FILED

JUN 20 2000

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HENRY PIPPINS,

    Plaintiff,

v

ASBESTOS DEFENDANTS, et al.,

    Defendants.

No. C 00-1356 WHA

ORDER 1) GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND 2) DENYING AS MOOT PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION

ENTERED IN CIVIL DOCKET 6/26/00

## INTRODUCTION

The Court cannot find on the present record that defendant Rolls-Royce, PLC, during its manufacture of jet aircraft engines for the United States Air Force and Navy, included asbestos in such engines at the direction of an Air Force or Naval officer. On that basis, the Court concludes that no subject-matter jurisdiction exists under 28 USC 1442. Accordingly, the Court GRANTS plaintiff's motion to remand the action to state court. The Court also DENIES as moot plaintiff's objection to defendant's supplemental brief.

## STATEMENT

On March 15, 2000, plaintiff Henry Pippins filed a personal injury complaint in California Superior Court. The complaint alleged, among other things, that plaintiff had been exposed to asbestos during his 36-year career as a jet engine mechanic and materials specialist.

One alleged source of such asbestos was the T56 jet engine, which defendant, formerly known as Allison Engine Co. Inc., manufactured for the Air Force and Navy.

Defendant removed the action to this Court, arguing that federal-question jurisdiction existed under 28 USC 1442, the federal officer removal statute, "because the action involves a person, *i.e.*, Rolls-Royce, that acted under the authority of an officer or agency of the United States" (Notice of Removal 3:5-6). Plaintiff promptly moved for remand. In opposition to plaintiff's motion, defendant proffered evidence selected to show that "the United States Government was inextricably linked to the design and production of the T56 engine, and it unequivocally directed Allison in all such phases that form the basis of Plaintiff's claims against Rolls-Royce" (Opp. 3:15-17). According to defendant, such evidence demonstrated that:

- the Air Force and Navy maintained personnel at Allison's plant for the purpose of ensuring compliance with the government contract and specifications;
- the military specifications for the T56 were "specific, detailed and mandatory";
- the Air Force participated in the design and development of the T56, and made recommendations for design improvements; and
- no changes to the design of the T56 could be made without government design and approval.

## ANALYSIS

In this case, removal is premised upon 28 USC 1442, an exception to the well-pleaded complaint rule. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law." *Ibid.* To create subject-matter jurisdiction under 28 USC 1442(a), the subsection here at issue, defendant must "(1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office." *Fung v. Abex Corp.*, 816 F.Supp. 569, 571-72 (N.D. Cal. 1992), citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989).

Application of the federal officer removal statute is not limited to cases in which the defendant demonstrates upon removal the meritoriousness of his or her alleged defense. "At the very least, it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). *See also Jefferson County*, 527 U.S. at 532 (reasoning that federal officer removal statute does not require the federal officer to demonstrate "an airtight case on the merits"). As in all removal scenarios, however, "[t]he burden of establishing federal jurisdiction is on the party seeking removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Accordingly, the Court will remand the action unless defendant demonstrably has satisfied each of the three above-listed conditions.

\* \* \*

As discussed above, defendant argues that it designed and manufactured the T56 "under the authority" of an officer of the United States. Hence, defendant concludes that it is entitled to removal. The Court disagrees, based upon defendant's failure to demonstrate that an officer of the United States directed it to perform those acts that plaintiff alleges to have harmed him.

In its briefs and at oral argument, defendant emphasized that it designed and manufactured the T56 under tight government supervision, that the engine was built to tight specifications, and that such specifications were subject to change only upon government approval. That "the relevant acts occurred under the general auspices of federal direction", however, is not enough to warrant removal. *Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125, 1128 (E.D. Pa. 1996), citing *Fung*, 816 F.Supp at 572. Instead, a defendant seeking removal must demonstrate that it acted "according to the direct and detailed control of an officer of the United States." *Good*, 914 F.Supp. at 1128. With respect to products liability, that usually entails demonstrating "strong government intervention and the threat that a defendant will be sued in state court 'based upon actions taken pursuant to federal direction.'" *Fung*, 816 F.Supp. at 572, quoting *Gulati v. Zuckerman*, 723 F.Supp. 353 (E.D. Pa. 1989).

Plaintiff alleges exposure to asbestos. If defendant's argument is to succeed, defendant must demonstrate a causal nexus between such exposure and acts performed by defendant

3

1  pursuant to the direction of some federal officer. This defendant cannot do. In the volume of
2  documents submitted by defendant and describing the oversight of the United States government
3  during the design and manufacturing of the T56, the word "asbestos" appears not once. Nor
4  during oral argument could defendant name a single asbestos-containing part that the
5  government directed it to incorporate into the engine. This is not a case where the government
6  "would specify and approve the type of asbestos" integrated into the object of manufacture.
7  *Pack v. AC and S, Inc.*, 838 F.Supp. 1099, 1103 (D. Md. 1993). Nor is it a case in which the
8  government's "drawings and specifications required the use of asbestos materials." *Blackman v.*
9  *Asbestos Defendants (BHC)*, No. C-97-3066, 1997 WL 703773, at *2 (N.D. Calif. Nov. 3, 1997).
10 Rather, this is a case in which defendant was permitted to use "standard parts . . . unless they
11 [were] determined by the contractor to be unsuitable for the purpose" (Dillard Decl., Exh. 12 at
12 365). Defendant thus was free to use whatever standard parts it believed appropriate. No causal
13 relationship has been shown between defendant's alleged choice of asbestos and the
14 government's actual orders to defendant. Hence, plaintiff's motion to remand should be granted.

## CONCLUSION

For the reasons stated above, plaintiff's motion is GRANTED. Furthermore, plaintiff's objection to defendant's supplemental opposition is DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: June 20, 2000

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE