FILED

JUN 2 3 2000

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE GROOMBRIDGE, | No. C00-01654 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; VACATING HEARING** |
| v. | |
| ASBESTOS DEFENDANTS (BHC), et al., | |
| Defendants. | |

## INTRODUCTION

Before the Court is plaintiff's motion to remand this action to state court on the grounds that the federal court lacks subject matter jurisdiction over the action. An opposition and reply have been filed. Having considered the papers submitted in support of and in opposition to the motion, the Court hereby VACATES the hearing scheduled for June 23, 2000, and GRANTS the motion.

## BACKGROUND

On March 23, 2000, plaintiff Leslie Groombridge filed suit in San Francisco Superior Court, seeking damages for asbestos-related personal injury and disease stemming from his occupational exposure to asbestos-containing products manufactured by Rolls-Royce, PLC, formerly known as Rolls-Royce Allison and Allison Engine Company, Inc. ("Rolls-Royce"). (Compl. at 1.) On May 9, 2000, defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. On May 25, 2000, plaintiff filed a motion to remand.

Plaintiff alleges that he was exposed to asbestos while working as a structural

1  mechanic/aviation officer with the United States Navy between 1956 and 1958. (Not. of
2  Removal at 2.) Specifically, plaintiff claims that he was exposed to asbestos in the course
3  of repairing and maintaining the T56 engines manufactured by Rolls-Royce. (Not. of
4  Removal at 2.)
5      Although, in its notice of removal, defendant asserted multiple bases of federal
6  jurisdiction, defendant, in its opposition, relies solely on the federal officer removal statute,
7  28 U.S.C. § 1442. In that regard, defendant argues the Court has subject matter
8  jurisdiction pursuant to § 1442(a)(1) for the reason that the T56 engine was manufactured
9  by Rolls-Royce "under the authority of an officer or agency of the United States," (Not. of
10 Removal at 3), and that the "United States Government had precise specifications, and
11 exercised the strictest control, over the development of the T56 for its use in military
12 aircraft." (Dft's Opp. at 3.)

## DISCUSSION

### A. Legal Standard

15     The existence of federal jurisdiction for removal must normally be determined on the
16 face of the plaintiff's well-pleaded complaint. See Louisville & Nashville R.R. v. Mottley,
17 211 U.S. 149 (1908). The federal officer removal statute provides an exception to the "well-
18 pleaded complaint" rule. See Mesa v. California, 489 U.S. 121, 136 (1989). "Under the
19 federal officer removal statute, suits against federal officers may be removed despite the
20 non-federal cast of the complaint; the federal question element is met if the defense
21 depends on federal law." Jefferson County v. Acker, 527 U.S. 423, 431 (1999).
22     To establish federal officer removal jurisdiction, the defendant must: (1) demonstrate
23 that it acted under the direction of a federal officer; (2) raise a colorable federal defense to
24 the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and
25 the acts the defendant performed under color of federal office. See Mesa, 489 U.S. at 124-
26 25, 134-35. In addition, the defendant must be a "person" within the meaning of §
27 1442(a)(1). See Fung v. Abex Corp., 816 F. Supp. 569, 572 (N.D. Cal. 1992).
28     The party seeking to remove an action has the burden of establishing federal

jurisdiction over a suit originally filed in state court. See id. Any doubt about the propriety of removal is resolved in favor of remand. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

**B.    Analysis**

**1.    "Person" Under 28 U.S.C. § 1442(a)(1)**

Plaintiff argues that Rolls-Royce is not a "person" under § 1442(a)(1). (Pl.'s Reply at 2-3.) While federal district courts are divided on this issue, the Court agrees with those courts that have held a corporation is a person within the meaning of § 1442(a)(1). See, e.g., Good v. Armstrong, 914 F. Supp. 1125, 1127-28 (E.D. Pa. 1996); Crocker v. Borden, 852 F. Supp. 1322, 1325 (E.D. La. 1994); Fung, 816 F. Supp. at 572; Ryan v. Dow Chemical Co., 781 F. Supp. 934, 936 (E.D.N.Y. 1992). Because Rolls-Royce is a corporation, the Court finds that it qualifies as a "person" under § 1442(a)(1).

**2.    "Acting Under" a Federal Officer and "Causal Nexus"**

To establish that a defendant is "acting under" a federal officer, a federal officer must have had "direct and detailed control over the defendant." Fung, 816 F. Supp. at 572. Further, to establish a "causal nexus," it must appear that the state prosecution has arisen out of the acts done under color of federal authority and in enforcement of federal law. Maryland v. Soper, 270 U.S. 9, 22 (1926).

Here, to support its contention that it was acting under the direct and detailed control of the federal government, defendant offers the affidavit of James L. Dillard ("Dillard"), a retired chief project engineer, and sixteen other exhibits. (See Dillard Aff.) The voluminous materials, however, contain no requirement or even reference to the use of asbestos. Rather, the specifications indicate defendant was permitted to use "standard parts . . . unless they [were] determined by the contractor to be unsuitable for the purpose." (Dillard Aff., Ex. 12 at 365.)

This case thus is distinguishable from cases relied upon by defendant in which the government specified the use of asbestos. See Pack v. AC and S, Inc., 838 F. Supp. 1099, 1103 (D. Md. 1993); Blackman v. Asbestos Defendants (BHC), 1997 WL 703773, *2 (N.D

Cal. 1999). See also Cabalic v. Owens-Corning Fiberglas Corp., 1994 WL 564724 (N.D. Cal. 1994) (remanding on ground that defendant failed to provide evidence that the specifications required the use of asbestos).

Accordingly, the Court finds defendant has failed to show that it acted under the direction of a federal officer in using asbestos in the design, manufacture, or testing of the T56 engine or that a causal nexus exists between any government specification and plaintiff's claimed injury. Consequently, defendant cannot rely on the federal officer removal statute as a basis for the Court's jurisdiction, and, accordingly, removal was not proper.

## CONCLUSION

For the reasons stated, the Court GRANTS plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated:   JUN 2 3 2000

MAXINE M. CHESNEY
United States District Judge